IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

PATTY HARRIS, as Personal Representative )
of the Estate of Clint Wallace, Deceased; )
SHELLYE WALLACE, as Mother and Next )
Friend of Catherine Jewell Wallace; and )
LESLIE BERNARD, as Mother and Next Friend )
Of Jenna Lynn Wallace, )
                                                   )
                 **Plaintiffs,**             )
                                                   )
v.                                                   )           No. 1:19-cv-02211-STA-jay
                                                  )
**NEWREZ, LLC, and**                 )
**RUBIN LUBLIN, TN, PLLC,**        )
                                                  )
               **Defendants.**            )

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
**ORDER GRANTING DEFENDANT'S MOTION TO SEVER AND REMAND**
**ORDER FOR PLAINTIFFS TO SHOW CAUSE**

---

Before the Court is Defendant Rubin Lublin, TN, PLLC's Motion to Dismiss (ECF No. 7) filed on April 11, 2019, and its Motion to Sever and Remand (ECF No. 9) filed on June 13, 2019. Plaintiff Patty Harris, as Personal Representative of the Estate of Clint Wallace, deceased; Shellye Wallace, as mother and next best friend of Catherine Jewell Wallace; and Leslie Bernard, as mother and next best friend of Jenna Lynn Wallace (collectively "the Estate") have not responded to the Motion to Dismiss or the Motion to Sever and Remand, and the deadline to respond has now passed.[1] For the reasons set forth below, Rubin Lublin's Motion to Dismiss and Motion to Sever

---

[1] The Notice of Removal identifies the Estate of Clint Wallace as the Plaintiff to this action. The real parties in interest, however, appear to be the personal representative of the Estate and the decedent's heirs. *See* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in

and Remand are **GRANTED**.

## BACKGROUND

This action began as a Suggestion of Insolvency, Petition for Violation of the Fair Debt Collection Practices Act, Issuance of Temporary Restraining Order, and Issuance of Injunction (hereinafter "the Petition"). The Estate filed the Petition in the Probate Court for Dyer County, Tennessee, on March 5, 2019. According to the Petition, the Estate is insolvent for purposes of Tenn. Code Ann. § 30–5–101, *et seq.* The Petition provides an accounting of the liabilities and assets of the Estate, among which is real property located in Montgomery County, Tennessee, at 2600 Peach Grove Lane, Woodlawn, Tennessee 37191.[2] The Petition states that the property is encumbered by a Deed of Trust securing a promissory note held by NewRez, LLC ("NewRez"). The Estate owes NewRez $134,437.18.[3]

The Petition alleges that the Estate had reached an agreement with NewRez in January 2019 to list the property with a real estate agent and that the Estate was in the process of obtaining approval from the Dyer County Probate Court to sell the property. (Pet. ¶ 12.) About a week after reaching its agreement with NewRez, the Estate received notice from Rubin Lublin, TN, PLLC ("Rubin Lublin") that the firm was retained to conduct a nonjudicial foreclosure of the property.

---

the name of the real party in interest."). The Clerk is directed to update the docket to substitute each of these parties as the named Plaintiffs in the action and to terminate the Estate of Clint Wallace as a party.

[2] The Court notes that Montgomery County, Tennessee is located in the Middle District of Tennessee.

[3] The Petition further alleges that the decedent had originally signed the promissory note, which the Deed of Trust secured, in favor of Flagship Financial Group, LLC. The note was subsequently sold or transferred to New Penn Financial, LLC a/k/a Shellpoint Mortgage Servicing, which operates as NewRez, LLC. Pet. 10 (ECF No. 1-1).

Counsel for the Estate made several attempts by telephone and letter to contact Rubin Lublin and stop the foreclosure sale. Despite these attempts to dispute the indebtedness, the publication of the notice of foreclosure continued. The Petition alleges that NewRez and Rubin Lublin acted in violation of the Fair Debt Collection Practices Act and that any foreclosure on the real property would amount to misappropriation or dissipation of the assets of the insolvent Estate. The Estate seeks temporary and preliminary injunctive relief against NewRez and Rubin Lublin and an award of fees, penalties, and attorney's fees for their violations of the FDCPA.

On April 11, 2019, one week after removing the case to federal court, Rubin Lublin filed a Motion to Dismiss (ECF No. 7) the FDCPA claim for failure to state the claim under Federal Rule of Civil Procedure 12(b)(6). Rubin Lublin argues that as foreclosure counsel for NewRez, Rubin Lublin does not meet the FDCPA's definition of a "debt collector." Rubin Lublin also argues that the Petition fails to allege how it violated the FDCPA. In its separately filed Motion to Sever and Remand, Rubin Lublin argues that the Court lacks supplemental jurisdiction over some of Plaintiff's claims for relief. Rubin Lublin construes the Petition to allege the following "counts" under Tennessee law: Notice of Insolvency ("Count I" according the Motion to Sever), Assumption of Jurisdiction over the Decedent's Property ("Count II"), and Misappropriation of the Decedent's Property ("Count IV"). The Court should sever those three counts and then to remand them to state court. The only count that would remain before the Court is the Estate's FDCPA claim ("Count III"). To date the Estate has not responded to either of Rubin Lublin's Motions.

## **JURISDICTION**

The Court begins by analyzing its own subject-matter jurisdiction in this case, an obligation the Court has an unflagging duty to discharge even *sua sponte*. *Ft. Bend Cnty., Tex. v. Davis*, 139

S. Ct. 1843, 1849 (2019). Rubin Lublin removed this action to federal court on the basis of the Court's original jurisdiction over the Estate's FDCPA claim. The FDCPA, 15 U.S.C. § 1696 *et seq.*, is a law of the United States for purposes of 28 U.S.C. § 1331. As such, the Estate could have originally filed the FDCPA claim in federal court. *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 518 (6th Cir. 2012) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "When a plaintiff files a case in state court that could have been brought in a federal district court, a defendant may invoke the removal statute, 28 U.S.C. § 1441, to secure a federal forum." *Jarrett-Cooper v. United Airlines, Inc.*, 586 F. App'x 214, 215 (6th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 83 (2005)). The Court concludes then that it has subject-matter jurisdiction over the Estate's FDCPA claim under 28 U.S.C. § 1331, making Rubin Lublin's removal of the claim to federal court proper. The Court considers its jurisdiction over the Petition's other claims for relief as part of its discussion of the Motion to Sever and Remand.

## STANDARD OF REVIEW

Rubin Lublin argues in its Motion to Dismiss that the Petition fails to state an FDCPA claim against it. A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). However, legal conclusions or unwarranted factual inferences need not be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "To avoid dismissal under

4

Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555). In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. FDCPA Claim Against Rubin Lublin

Congress passed the FDCPA to protect consumers from "abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The FDCPA prohibits the following categories of conduct in connection with the collection of a debt: improper modes of communication with the consumer, 15 U.S.C. § 1692c; "any false, deceptive, or misleading representation," § 1692e; and other "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f. The United States Court of Appeals for the Sixth Circuit has described the

FDCPA as "extraordinarily broad," enacted to meet the challenge of "what Congress perceived to be a widespread problem." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (citing *Frey v. Gangwish,* 970 F.2d 1516, 1521 (6th Cir. 1992)). The Sixth Circuit has identified "two threshold criteria" common to each of the activities prohibited by the Act, both of which "limit its scope": (1) the FDCPA reaches "only the conduct of 'debt collectors'" and (2) concerns "only communications made 'in connection with the collection of any debt.'" *Estep v. Manley Deas Kochalski, LLC*, 552 F. App'x 502, 505 (6th Cir. 2014).

Rubin Lublin argues that the Petition fails to allege either of these threshold criteria, either that Rubin Lublin meets the FDCPA's statutory definition of a "debt collector" or that it engaged in any of the practices made unlawful by the Act. The FDCPA contains a "primary" definition of the term "debt collector" and a "limited purpose" definition. *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1035–36 (2019). A "debt collector" in the primary sense "means any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another." § 1692(a)(6). The Act generally prohibits a "debt collector" in the primary sense of the term from engaging in any of the unlawful debt collection practices defined in the Act. But the limited purpose definition of "debt collector" just applies to "any person . . . in any business the principal purpose of which is the enforcement of security interests." *Obduskey*, 139 S. Ct. at 1036. The FDCPA only prohibits a "debt collector" in the limited-purpose sense of the term from engaging in the acts defined in section 1692f(6) of the Act.

Before the Court can decide whether the Petition plausibly alleges a violation of the FDCPA, the Court must first decide whether Rubin Lublin meets the FDCPA's primary definition of a "debt collector" or its limited purpose definition. The Petition alleges that Rubin Lublin

violated the FDCPA in the course of a nonjudicial foreclosure of the Estate's real property. The Estate has attached to the Petition a letter from an attorney at Rubin Lublin addressed to the decedent and dated January 23, 2019. Pet. Ex. D (ECF No. 1-1). According to the letter, Rubin Lublin was retained "to non-judicially foreclose on the Loan," secured by the decedent's real property in Woodlawn, Tennessee. *Id*. In a nonjudicial foreclosure, "notice to the parties and sale of the property occur outside court supervision." *Id*. at 1034. Although not all states permit nonjudicial foreclosure, Tennessee does. *See* Tenn. Code Ann. § 47–9–607(b).

The fact that Rubin Lublin's activities occurred in the context of a nonjudicial foreclosure matters. The Supreme Court recently decided in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019) that parties "engage[d] in only nonjudicial foreclosure proceedings are not debt collectors within the [primary] meaning of the Act" and will only be liable as limited-purpose "debt collectors" for violations of section 1692f(6). *Obduskey*, 139 S. Ct. at 1038. That paragraph makes it unlawful for a debt collector to "use unfair or unconscionable means to collect or attempt to collect any debt" by "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--

> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession of the property; or
> (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6).

In short, the Estate can hold Rubin Lublin liable for its conduct in the course of a nonjudicial foreclosure under the FDCPA only if the Petition has alleged some violation of section 1692f(6).

Upon consideration of *Obduskey* and its holding limiting the reach of the FDCPA in nonjudicial foreclosures, the Court concludes that the Petition has failed to state a plausible

FDCPA claim against Rubin Lublin. The Estate has alleged no facts to show that Rubin Lublin engaged in any of the conduct prohibited by section 1692f(6). The Petition does not allege that Rubin Lublin had "no present right to possession of the property claimed as collateral through an enforceable security interest," or that Rubin Lublin lacked "the present intention to take possession of the property," or that "the property is exempt by law from such dispossession or disablement." The Petition does allege that the Estate disputed the debt. Counsel made a series of attempts to contact Rubin Lublin by phone and finally addressed a letter to Rubin Lublin's Memphis office for the purpose of "disput[ing] this alleged debt." Pet. ¶ 15. According to the Petition, Rubin Lublin avoided receipt of the mail and continued to cause notice of the foreclosure sale to be published despite the Estate's dispute letter. *Id.* ¶¶ 18–21.

Conduct of this sort is specifically prohibited by section 1692g(b) of the FDCPA, which requires a debt collector to "cease collection until it obtains verification of the debt and mails a copy to the debtor" if the debtor disputes the debt. *Obduskey*, 139 S. Ct. at 1036 (citing 15 U.S.C. § 1692g(b)). Prior to *Obduskey*, the Sixth Circuit had held that "[l]awyers who meet the general definition of a 'debt collector' must comply with the FDCPA when engaged in mortgage foreclosure." *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 464 (6th Cir. 2013). But *Obduskey* specifically abrogated *Glazer* and based on an analysis of the statutory text concluded that the FDCPA's general definition of a "debt collector" did not apply to a law firm engaged in a nonjudicial foreclosure.

*Obduskey* controls the outcome in this case. In *Obduskey* a homeowner received notice of a nonjudicial foreclosure and disputed the mortgage debt, and the law firm handling the nonjudicial foreclosure proceeded any way. Specifically, after receiving notice of the nonjudicial foreclosure from the mortgage lender's law firm, the homeowner "responded with a letter invoking § 1692g(b)

8

of the FDCPA . . . ." *Obduskey*, 139 S. Ct. at 1035. The Supreme Court concluded that the law firm did not meet the Act's primary definition of a "debt collector" and that as a result it could not be liable for violations of section 1692g(b), only for violations of § 1692f(6). The facts in *Obduskey* are squarely on point with the facts of this case. Just like the borrower in *Obduskey*, the Estate claims that it disputed the amount of the debt with Rubin Lublin and that Rubin Lublin failed to confirm the debt and continued to publish notice of the foreclosure.[4] Be that as it may, the Petition alleges no facts to show that Rubin Lublin meets the FDCPA's primary definition of a "debt collector" or could be held liable under any section of the Act other than section 1692f(6). And without some allegation that Rubin Lublin's conduct ran afoul of section 1692f(6), the Petition has failed to state a plausible FDCPA claim against Rubin Lublin. Therefore, Rubin Lublin's Motion to Dismiss is **GRANTED**.

## II. Motion to Sever and Remand

This leaves Rubin Lublin's Motion to Sever and Remand pursuant to 28 U.S.C. § 1441(c)(2). Rubin Lublin argues that not all of the claims for relief stated in the Petition form part of the same case or controversy. Rubin Lublin concedes that "the determination of Estate insolvency and how the insolvent Estate is to be administered do not share 'a common nucleus of operative fact' with the determination of whether or not the notices of foreclosure published by Rubin Lublin violated the FDCPA." Mem. in Support of Mot. to Sever and Remand at 3.

---

[4] Rubin Lublin goes further and argues that the Petition and its exhibits show it did not violate section 1692g(b). Exhibit L to the Petition is Rubin Lublin's response letter to counsel for the Estate confirming the debt. While the Petition alleges that NewRez improperly included a number of unexplained fees in the confirmation letter, Rubin Lublin argues that the Petition fails to allege a violation of section 1692g(b). Because the Estate cannot hold Rubin Lublin liable under section 1692g(b) in light of *Obduskey*, the Court need not decide whether the Petition plausibly alleges a violation of section 1692g(b).

9

Defendant argues then that the Court should sever the FDCPA claim from the Estate's other claims and requests for relief and send the Petition back to state court.

The removal statute permits the removal of "hybrid cases," actions where federal claims are alleged alongside state law claims over which the federal court lacks original or supplemental jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1753 (2019) (Alito, J., dissenting); *see* 28 U.S.C. § 1441(c)(1). Section 1441(c)(2) requires a district court to sever any removed claims over which it does not have original or supplemental jurisdiction and remand them back to the state court from which they were removed. § 1441(c)(2). In order to decide whether this is such a "hybrid case," the Court first has to determine whether it has supplemental jurisdiction over any of the other claims set out in the Estate's Petition. Section 1367(a) gives district courts supplemental jurisdiction in any civil action in which a court has original jurisdiction but only "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This means the supplemental claims must "derive from a common nucleus of operative fact." *Jackson*, 139 S. Ct. at 1753 n.1 (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

The Court holds that the Petition's other claims are not so related to the Estate's FDCPA claim as to form part of the same case or controversy. The Court notes Rubin Lublin's inconsistency about exactly what claims the Estate has alleged in its Petition and whether the Court has supplemental jurisdiction over them. The Notice of Removal construes the Petition to assert the FDCPA claim and one other claim under Tennessee law for misappropriation. The Notice of Removal alleges that the Court should exercise supplemental jurisdiction over the misappropriation claim pursuant to 28 U.S.C. § 1367(a). Notice of Removal ¶¶ 11–13 (ECF No.

10

1). By contrast, the Motion to Sever and Remand assumes the Petition alleges claims related to the probate court's administration of the Estate as well as the FDCPA and misappropriation claims. Perhaps more important, Rubin Lublin now takes the position that the Court lacks supplemental jurisdiction over any of the claims under Tennessee law.

The Petition undoubtedly contains allegations about Rubin Lublin's attempts to conduct nonjudicial foreclosure proceedings in violation of the FDCPA and asserts that a foreclosure would result in the dissipation and misappropriation of the Estate's assets. And the Petition argues that the threat of dissipation or misappropriation justified a TRO and other injunctive relief to stop the foreclosure. Nevertheless, the Court construes the Petition to allege much more than an FDCPA claim or a misappropriation claim. The Estate invokes the protection of the probate court and by filing its Petition initiated a whole series of procedures available under Tennessee law for the orderly disbursement of the Estate's remaining assets to its creditors.

The Petition first gives notice as required by Tenn. Code Ann. § 30–5–102 that the Estate is insolvent and "unable to pay all of its creditors." Tenn. Code Ann. § 30–5–102 ("After the time for filing claims has expired, as provided by § 30–2–310, if the estate is unable to pay all of its creditors, the personal representative shall file with the clerk a notice of insolvency."). In this situation, Tennessee law requires the personal representative to give an accounting of the estate's assets and debts and propose a plan of distribution that meets other statutory requirements. § 30–5–103(a) ("The notice of insolvency shall contain an accounting of assets that have come into the hands of the personal representative and a proposed plan of distribution in accordance with § 30–2–317."). Here the Petition includes the statutory notice of insolvency and a schedule of the Estate's assets and liabilities, showing that the amount of the Estate's debts exceeds the amount of

its assets.[5]

The notice of insolvency is no mere formality. The significance of the notice is that its filing triggers a court-supervised procedure for the payment of the estate's debts and expenses and the disposition of the estate's property. This includes the real property involved in the attempted foreclosure proceedings. The Petition lists the property at 2600 Peach Grove Lane, Woodlawn, Tennessee 37191 as one of the Estate's assets and NewRez as one of the Estate's creditors based on its non-priority, secured claim for $134,437.18 owed on the property. The Estate requests that the probate court approve the sale of the property pursuant to Tenn. Code Ann. § 30–2–418. That section gives Tennessee probate courts jurisdiction (concurrent with chancery and circuit courts[6]) to order the sale of real property to satisfy the payment of debts, expenses, and taxes of an insolvent estate under certain circumstances. § 30–2–401 & § 30–2–418(a).[7] The statute requires a probate court to join as parties to the proceeding the devisees and heirs, the surviving spouse, and other interested parties and hold a hearing to determine whether the court should order the sale of the real property. § 30–2–418(b) & (c). In sum, the Petition gave the probate court notice of the

---

[5] While the Petition does not propose a plan of distribution, it does request that the probate court hold the requirement in abeyance. Pet., Prayer for Relief (E) (ECF No. 1-1).

[6] Tenn. Code Ann. § 30–2–401 ("The probate court shall have concurrent jurisdiction with the chancery and circuit courts to sell real estate of decedents and for distribution or partition . . . .").

[7] The Court notes that Part 4 of Chapter 2 contains a venue provision as well. Section 30–2–402 allows a personal representative or a creditor with a duly filed claim to file a petition in the county of administration for the sale of real property, regardless of the county where the real property is situated, "[i]f the personal property available appears to be insufficient to pay debts and expenses . . . ." § 30–2–402(a). The fact then that the Estate's real property is located in Montgomery County, Tennessee, which is not in the Western District of Tennessee, would not preclude the Dyer County Probate Court from ordering the sale of the property.

Estate's insolvency, set out an accounting of the Estate's assets and liabilities, and turned the Estate's real property over to the jurisdiction of the probate court, all to initiate the sale of the real property and the process for the equitable disposition the Estate's assets.

As is clear from the Court's recitation of its particulars, the Petition does not simply state an FDCPA claim against NewRez and Rubin Lublin. It is the opening filing in an entire process for the disposition of the Estate's remaining property, including real property which is not even located in the Western District of Tennessee. This process far exceeds the scope of deciding whether a violation of the FDCPA occurred. The Estate's claims for relief based on its insolvency and its request for the probate court to assume jurisdiction over the distribution of assets to its creditors has little factual overlap with the Estate's FDCPA claims against NewRez and Rubin Lublin. The only fact in common to the administration of the Estate as a matter of Tennessee probate law and the Estate's FDCPA claim is the fact that the Estate sought the intervention of the probate court to protect what appears to be its largest asset from foreclosure. Otherwise, the Estate's proof to make out its FDCPA claim will have no bearing on whether the Estate is insolvent for purposes of Tennessee law or how a court should equitably dispose of the Estate's remaining assets. In sum, the Estate's request for the court-ordered payment of its debts does not form part of the same case or controversy as the alleged violation of the FDCPA. The Court concludes then that it lacks supplemental jurisdiction over the rest of the Petition under 28 U.S.C. § 1367(a).

Under the circumstances, severing the FDCPA claim from the rest of the Petition and remanding the Petition to state court is the correct remedy. The Court has original jurisdiction over the Estate's FDCPA claim but lacks original or supplemental jurisdiction over all of the Petition's other claims related to the insolvency of the Estate and the court-supervised administration of the Estate's remaining assets. Therefore, the Court will sever the FDCPA claim

from the rest of the Petition and remand the claims to Dyer County Probate Court. The Motion to Sever and Remand is **GRANTED**.

   III.   **FDCPA Claim Against New Rez**

Having dismissed the Estate's FDCPA claim against Rubin Lublin and determined that severing the Petition's other claims and remanding them to state court is proper, the only claim remaining before the Court is the Estate's FDCPA claim against NewRez. At this stage of the case, it is not clear whether NewRez has ever received proper notice of the Petition or the Estate's FDCPA claim against it. The Estate attached to its Petition a certificate of service, showing that counsel for the Estate had served a copy of the Petition on NewRez, LLC through an agent for service of process. The Petition requests that the probate court order service on NewRez and Rubin Lublin and then direct each party to respond to the Petition. It is not clear whether the probate court had a chance to order service on NewRez prior to removal. Rubin Lublin's Notice of Removal (ECF No. 1) states that NewRez had not been served and therefore did not join in the removal of the action. And according to each of its certificates of service, Rubin Lublin has not served NewRez with any of its post-removal filings, including the Notice of Removal or the dispositive Motions before the Court.

In the final analysis, the Estate has the duty to serve NewRez. Federal Rule of Civil Procedure 4(c)(1) requires a plaintiff to serve a summons and a copy of a complaint, and Rule 4(m) gives the plaintiff 90 days from the filing of a complaint to accomplish service. *See also* 28 U.S.C. § 1448 (permitting a party to complete service of process in accordance with the Federal Rules of Civil Procedure where a civil case is removed from state court before a defendant has been served with process). At this stage of the proceedings, the Estate has failed to show that it has perfected service on NewRez or taken any further action to prosecute its FDCPA claim against

NewRez. There is no indication from the record that the Estate ever caused summons to issue from the Dyer County Probate Court as to NewRez, and the Estate has not taken any action to cause summons to issue from this Court since the removal of the case. "In the absence of proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant" and is therefore "powerless to proceed to an adjudication." *Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019) (quoting *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (other citations and internal quotation marks omitted).

Therefore, the Estate is ordered to show cause as to why the Court should not dismiss its FDCPA claim against NewRez for failure to serve the Defendant within 90 days of filing its Petition under Federal Rule of Civil Procedure 4(m) or, in the alternative, for failure to prosecute the claim under Rule 41(b). The Estate's response to this show cause order is due within 14 days of the entry of this order.

## CONCLUSION

The Court holds that the Petition fails to state a plausible FDCPA claim against Rubin Lublin, and so Rubin Lublin's Motion to Dismiss must be **GRANTED**. The Court severs the Estate's remaining claims from the FDCPA claim and remands the Petition to the Dyer County Probate Court for lack of supplemental jurisdiction. The Estate is ordered to show cause as to why the Court should not dismiss its FDCPA against NewRez for failure to serve NewRez under Rule 4(m) or failure to prosecute the claim under Rule 41(b).

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: July 19, 2019.